IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>v.<br><br>THE REAL PROPERTY KNOWN AS 11 HICKORY CROSSING LANE, ARGYLE, TX 76226.<br><br>             *Defendants in Rem*. | NO.  3:23-CV- 633 |

# UNITED STATES' COMPLAINT FOR FORFEITURE

The United States of America files this verified complaint *in rem* against the ("Defendant Property") as described in Section II., and in support states:

## I.     JURISDICTION AND VENUE

1. This court has subject matter jurisdiction of this cause of action *in rem* by virtue of the provisions of 28 U.S.C. §§ 1345 and 1355(a).  Venue is proper under 28 U.S.C. § 1355(b)(1) and 28 U.S.C. § 1395(b).

2. The statutory basis for this suit is 18 U.S.C. § 981(a)(1)(C).  Also applicable are 28 U.S.C. §§ 2461 and 2465, 18 U.S.C. §§ 983 and 985, and Supplemental Rule G, Federal Rules Civil Procedure Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

3. Pursuant to the provisions of 18 U.S.C. § 985(a), actions against real property are to be brought in the United States District Court.

## II.     DEFENDANT PROPERTY

4.      The Defendant Property,[1] which is the following real property that has not been seized, is the following:

**11 Hickory Crossing Lane, Argyle, TX, 76226** legally described as BEING LOT 11, BLOCK A, OF HICKORY CROSSING, AN ADDITION TO DENTON COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET M, PAGE 202, PLAT RECORDS OF DENTON COUNTY, TEXAS.

## III.    POTENTIAL CLAIMANTS TO DEFENDANT PROPERTY

5.      The names and last known addresses of those individuals or entities reasonably appearing to the government at this time that may be potential claimants to the

Demitrious Gilmore
11 Hickory Crossing Lane
Argyle, TX 76226

Notice of this complaint will be provided to the above-listed individuals and/or entities.

6.      In lieu of seizure, the United States, as provided in 18 U.S.C. § 985, will:

   a.     Post notice of this action and a copy of this Complaint on the Defendant Property; and

   b.     File a record a notice of lis pendens against the Defendant Property.

---

[1] Appreciation in the value of property is also subject to forfeiture. *See, e.g., United States v. Betancourt*, 422 F.3d 240, 251 (5th Cir. 2005); *United States v. Vogel*, No. 4:08-CR-224, 2010 WL 547344, at *4 (E.D. Tex. Feb. 10, 2010). In addition, any proceeds, such as income, funds, payments, etc., derived from the property is subject to forfeiture. *See United States v. Sanders*, 952 F.3d 263, 286 (5th Cir. 2020) (proceeds are property the defendant would not have obtained or retained but for the commission of the offense). Both the appreciation in value of the Defendant Property and any proceeds obtained or retained from the Defendant Property are sought for forfeiture in this case and are considered to be included in the definition of Defendant Property.

## IV.   STATUTORY BASIS

7. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) because it is property that constitutes or is derived from gross proceeds traceable to health care fraud, in violation of 18 U.S.C. § 1347.

8. The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) because the property was involved in, or traceable to property involved in money laundering, or conspiracy to do so, in violation of 18 U.S.C. § 1956 and/or 18 U.S.C. § 1957.

## V.   FACTS SUPPORTING FORFEITURE

9. The underlying facts involve a fraud scheme where within the Northern District of Texas.  Proceeds traceable from the fraudulent scheme were transferred towards the purchase or payments towards the Defendant Property.  The transfer of proceeds to the Defendant Property was intended to conceal or disguise the nature, location, source, ownership or control of the proceeds, in violation of 18 U.S.C. § 1956. In addition, the monetary transactions towards the purchase and/or payments to the Defendant Property constituted money laundering under 18 U.S.C. § 1957 as criminally derived property greater than $10,000 derived from specified unlawful activity, the health care fraud.  This tracing and transfer of proceeds, along with further explanation of the fraudulent scheme offense, is shown by the Declaration in support of the United States' Complaint for Forfeiture of Special Agent Austin Denney, attached and filed in support of this Complaint.  *See United States v. 2121 Kirby Drive*, No. H-06-3335, 2007 WL

3378353, at *3 (S.D. Tex. Nov. 13, 2007) (in determining sufficiency of a complaint, the court will look not only to the complaint itself, but to any affidavit or other attachment).

## VI.   RELIEF SOUGHT

THEREFORE, the United States requests the following:

A.   The notice of this forfeiture action against the defendant real property be posted by the United States Marshal or his designee authorized by law on the defendant property in accordance with 18 U.S.C. § 985(c)(1)(B);

B.   Publication of notice of this forfeiture action be made by posting notice on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, in accordance with Supplemental Rule G(4)(a)-(5).

C.   Direct notice of this forfeiture action be given to those persons who reasonably appear to be potential claimants in accordance with Supplemental Rule G(4)(b)-(5).

D.   In order to avoid forfeiture of the Defendant Property, all persons having any interest in or right against the defendant property be advised by the public notice or the direct notice to timely file in this court a verified claim identifying the interest or right to the defendant property as required by Supplemental Rule G(5)(a) and 18 U.S.C. § 983(a)(4)(A); and to file an answer to this Complaint for Forfeiture or motion under Fed. R. Civ. P. 12 in the manner required by the Supplemental Rule G(5)(b) and 18 U.S.C. § 983(a)(4)(B).  Further, any person filing a verified claim of interest or right and/or an answer shall serve a copy on Dimitri N. Rocha, Assistant United States Attorney, 1100 Commerce Street, Suite 300, Dallas, Texas 75242.

**United States' Complaint for Forfeiture – Page 4**

  E. Pursuant to Rule G(5)(a), the claim must (A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property, and (C) be signed by the claimant under penalty of perjury.  Any person who asserts an interest in the Defendant Property must filed a verified claim within 35 days after the date the notice is sent if the notice is delivered by mail, or within 35 days of the date of delivery if the notice is personally served and not sent by mail.

  E. Any person who files a verified claim must then file an answer to the complaint or a motion under Rule 12 within 21 days after filing the verified claim.

  F. At the conclusion of this proceeding, the defendant property be condemned by order and judgment of this court and declared and decreed to be forfeited to the United States of America in accordance with law.

  G. All costs and expenses incurred by the United States in obtaining the forfeiture of the defendant property be appropriately taxed against any person or entity who may file a verified claim and answer herein, and/or if more than one person or entity files a verified claim and answer herein be jointly taxed and prorated among them, as the court deems just and equitable.

  H. The United States have such other and further relief, at law or in equity, to which it may show itself justly entitled.

        Respectfully submitted,

        LEIGHA SIMONTON
        UNITED STATES ATTORNEY

        */s/ Dimitri N. Rocha*
        Dimitri N. Rocha
        Assistant United States Attorney
        Florida State Bar No. 693332
        1100 Commerce Street, Third Floor
        Dallas, TX 75242-1699
        Telephone: 214-659-8650
        Facsimile: 214-659-8803
        Dimitri.Rocha@usdoj.gov
        ATTORNEYS FOR PLAINTIFF

Dated: 3/23/2023

## VERIFICATION OF COMPLAINT

I, Austin Denney, am a Special Agent with the United States Postal Service Office of Inspector General, and I have been assigned to assist in the forfeiture of the defendant property. I have read the foregoing Complaint for Forfeiture and know its contents. The information contained in the Complaint for Forfeiture has been furnished from official government sources and, based on my information and belief, the allegations contained in the Complaint are true and correct.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 21, 2023

_____
Austin Denney
Special Agent
United States Postal Service Office of
Inspector General

United States' Complaint for Forfeiture – Page 7